# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WILSON, et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>BUYPD, LLC, et al.,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [132] MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Case No. 2:20-cv-00558-DBB-CMR<br><br>Judge David Barlow<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 71). Before the court is Plaintiffs[1] Motion for Leave to File Second Amended Complaint (Motion) (ECF 132). Altogether, six responses to the Motion were filed by the following groups of defendants: (1) Veil Corporate, LLC and Bud Lethbridge (collectively, Veil Defendants) (ECF 146), (2) Insider's Financial Education, LLC, Yancey Events, LLC, Yancey, LLC, and Property Education, LLC (collectively, Education Defendants) (ECF 147), (3) Guardian Law, LLC (Guardian) (ECF 148), (4) Dean Graziosi (Graziosi) (ECF 149), (5) Scott Yancey (Yancey) (ECF 150), and (6) American Legal & Escrow, LLC, and Invictus, PLLC (collectively, Invictus Defendants) (ECF 151). Plaintiffs filed a single reply in support of their Motion, addressing all of the arguments raised in the various oppositions (ECF 158). In connection with the Motion,

---

[1] Plaintiffs include: Rebecca K. Wilson, Dennis Houtz, James Dunn, Robert Wong, Carney Look Wong, Kenneth Wong, Mike Hampshire, Lions Fan, LLC, Linda Saenz, Abby Creek Investment, LLC, Pascal Vohradnik, Simone Vohradnik, 13607 Virgil St., LLC, Joanne Beldotti, Ramona Lorraine Solano-Owen, Greiner 11831, LLC, Coyle 12071, LLC, Sarsfield 12460, LLC, Eva Thode, Layne Lundstrom, Audrey Lundstrom, Invicta Legato Investments, LLC, Paul Valenti, Sherry Valenti, and ReInvestor 702, LLC.

Plaintiffs also filed a "Notice of Non-Opposition" stating that various defendants, whom the court will refer to as the "Poelman Defendants,"[2] had not filed any response to the Motion (ECF 155). The Poelman Defendants then filed an objection to Plaintiffs' notice (ECF 156) indicating it was their position they had opposed Plaintiffs' Motion. Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter on the written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court GRANTS the Motion to Amend.

## I.  BACKGROUND

On August 3, 2020, Plaintiffs initiated this matter against the Veil Defendants, Education Defendants, Guardian, Graziosi, Yancey, the Invictus Defendants, and the Poelman Defendants (collectively, Defendants) (ECF 2). As permitted under Federal Rule of Civil Procedure 15, Plaintiffs filed their First Amended Complaint (FAC) (ECF 24)—which is currently the operative complaint in this matter—within twenty-one days of the first motion to dismiss that was filed by any of the defendants (*see* ECF 21). In the FAC Plaintiffs describe prior and related actions to this matter, which were originally filed in the United States District Court for the Eastern District of Michigan in 2016 (ECF 24 at 2). Ultimately, it was determined that the Michigan court was an improper venue for Plaintiffs to bring their claims, and the matter was dismissed without prejudice as to the appropriate venue (*id.* at 2–10).

---

[2] The Poelman Defendants include: Ryan Poelman, Blair Poelman, BuyPD, LLC, 5 Choices, LLC, American Cash Fund, LLC, FrontSide Properties, LLC, EZ Street Properties, LLC, DLS Properties, LLC, Green Apple Homes, LLC, Malibu Breeze Properties, LLC, Insiders Cash, LLC, Max Ultra, LLC, Patriot Homes, LLC, Property Direct, LLC, Expansion Properties, LLC, Income Property USA, LLC, Interactive Homes, LLC, Improvement Homes, LLC, Ready Prop, LLC, Red Apple Homes, LLC, Red List Homes, LLC, Scree 44, LLC, Screaming Eagle Properties, LLC, and Silver Tie Homes, LLC.

As for the general allegations in the FAC, Plaintiffs claim that Defendants were part of a fraudulent scheme that sold and financed real estate through numerous training seminars held across the country, and that said scheme violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968, and various state laws (*id.* at 10–86).

On June 14, 2021, this matter was stayed by the district court who noted that "the Federal Trade Commission and the Utah Division of Consumer Protection [had] filed suit in the District of Utah"[3] (the FTC Matter) against several of the named defendants in the present litigation (ECF 68 at 2–3). Based on a preliminary injunction that had been issued in the FTC Matter,[4] the court found it appropriate to stay all proceedings in this case until further notice (*id.* at 2–9). The court also determined that judicial economy weighed in favor of granting a stay, noting that "[m]any of the underlying factual premises in this case and the FTC [M]atter appear to be the same, or largely similar," thus there existed "a high likelihood that the proceedings, discovery, and outcome of the FTC [M]atter will impact the litigation in this case, including the factual and legal position the parties in this action will take" (*id.* at 6–9).

On January 4, 2024, the court acknowledged in a docket text order that the FTC Matter had been resolved "when the court entered judgment in favor of the Federal Trade Commission" (ECF 117). Consequently, the court lifted the stay of this litigation (*id.*).

Thereafter, on May 21, 2024, Plaintiffs filed the present Motion claiming that "new additional evidence has arisen while this case was stayed" as a result of the litigation in the FTC

---

[3] *See Federal Trade Commission et al. v. Nudge LLC et al.*, Case No. 2:19-cv-00867-DBB-DAO (D. Utah filed Nov. 5, 2019).

[4] *See* FTC Matter at ECF 89.

Matter (ECF 132 at 2). Plaintiffs argued they would have included such information in the FAC "had it been available" back when it was filed (*id.*). In support of their Motion, Plaintiffs point out that "this case is in the same place" procedurally as it was when the stay was entered "as no responsive pleading has been filed and discovery has not begun" (*id.* at 3).

Furthermore, Plaintiffs argue that they have not been unduly dilatory in filing the Motion because of the lengthy stay that had only been lifted in January 2024 (*id.* at 4). Moreover, even if Plaintiffs had delayed in bringing the Motion, they assert that any such delay "is wholly justified" because the timing of their proposed amendment is "directly tied to the conclusion" of the FTC Matter, which "significantly impacted this litigation" (*id.*). Along that same reasoning, Plaintiffs also maintain that the Motion is brought in good faith, as their proposed amended pleading "is heavily influenced by the evidence derived" from the FTC Matter (*id.* at 6–7). Relatedly, Plaintiffs also aver that their amended pleading "will not unduly prejudice Defendants" because it "does not raise any significant new factual issues" (*id.* at 6). But the newly alleged facts in their Second Amended Complaint (SAC) are necessary, according to Plaintiffs, to "accurately characterize the pattern of racketeering that was perpetuated by Defendants' enterprise" (*id.* at 6). For all those reasons, Plaintiffs believe that justice requires that they be allowed to file the SAC and that doing so "will allow this case to be decided on the enhanced merits of the claims" (*id.* at 9–10).

In their respective oppositions to the Motion, Defendants each assert that the court should deny the Motion on futility grounds (ECF 146, 147, 148, 149, 150, 151). Specifically, Defendants maintain that Plaintiffs' claims are all time-barred by the relevant statutes of limitations and are further subject to mandatory arbitration clauses (*see id.*). Identical arguments were also raised in the various motions to dismiss that were filed by Defendants shortly after the stay was lifted (*See*

4

ECF 126, 131, 134, 135, 136, 138). On October 3, 2024, the district court entered an order "denying without prejudice" Defendants' motions to dismiss, noting Plaintiffs' pending Motion to Amend the Complaint (ECF 173). Defendants were however "granted leave to file renewed motions to dismiss" after the motion to amend is ruled on (*id.*).

In addition to raising arguments of futility, the Invictus Defendants also assert that the Motion should be denied because of undue delay and undue prejudice (ECF 151 at 13–25). As for undue delay, the Invictus Defendants point to the earlier litigation in Michigan, which began in 2016, and argue that Plaintiffs have "fail[ed] to explain" their delay in filing the present motion for leave to amend, particularly given the fact that it comes eight years after the related litigation began (*id.* at 13). In a related fashion, the Invictus Defendants argue that an amended complaint would cause "undue prejudice" because they are "being called upon to defend their actions from over ten years ago" (*id.* at 15). If Plaintiffs are allowed to amend their claims, the Invictus Defendants state they "will be forced to attempt to locate and produce transitory evidence in the form of documents and witness testimony that is now over a decade old" which would be highly prejudicial to Defendants (*id.* at 16).

In their reply in support of their Motion, Plaintiffs assert that the statute of limitations arguments raised by each of the defendants are "premature" as the court need not make such a determination at this point in the proceedings for purposes of ruling on the Motion (ECF 158 at 2). And even if the various statute of limitations arguments are not premature, Plaintiffs argue that the court may still rule in their favor because "Plaintiffs' claims accrue under the injury-discovery rule, fraudulent concealment, and equitable tolling" (*id.* at 3). Similarly, Plaintiffs believe that the argument that their claims "are futile as they are subject to arbitration" is unavailing (*id.* at 6). This

5

is so because, in Plaintiffs' view, the "arbitration provisions are unenforceable due to Defendants' fraudulent misrepresentations, concealment of material facts, and fraudulent inducement" (*id.*).

After the deadline for responding to the Motion had passed, Plaintiffs submitted their "Notice of Non-Opposition" to "bring to the [c]ourt's attention" the Poelman Defendants' failure to file a response (ECF 155 at 2). In relying on Local Rule 7-1, Plaintiffs argue that such failure is grounds for granting the Motion (*id*). *See* DUCivR 7-1(f) ("[F]ailure to respond timely to a motion may result in the court granting the motion without further notice"). Plaintiffs' notice prompted the Poelman Defendants to file an objection (ECF 156) wherein they argue that the Motion was in reality a response in opposition to two motions to dismiss that had been filed by various defendants (*see* ECF 126, 131) and that "[b]ecause Plaintiffs filed a motion in a response to a motion," which is procedurally improper under the Local Rules, the Poelman Defendants argue they "were not obligated to respond" to the Motion (ECF 156 at 3) (referencing DUCivR 7-1(a)(3)). In their objection, the Poelman Defendants also took the opportunity to voice their opposition to the substance of the Motion, endorsing the same futility arguments raised by the other defendants in their respective responses to the Motion (*id.* at 4).

## II. LEGAL STANDARDS

"Although district courts enjoy discretion" in granting leave to amend, *Quintana v. Santa Fe Cnty. Bd. of Comm'rs*, 973 F.3d 1022, 1033 (10th Cir. 2020), Rule 15 instructs courts to "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2). The purpose of this rule is to provide litigants "the maximum opportunity for each claim to be decided on its merits." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). "Refusing leave to amend is generally only

justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

### III. DISCUSSION

Plaintiffs maintain that their request to file an amended complaint is not unduly delayed, is not unduly prejudicial to Defendants, has been brought in good faith, is not futile, and that justice requires entry of the SAC (ECF 132 at 4–9). Defendants, on the other hand, disagree with Plaintiffs when it comes to undue delay, undue prejudice, and futility (*see* ECF 146, 147, 148, 149, 150, 151). The court addresses each argument in turn.

Beginning with delay, the court notes that "[d]elay is undue 'when the party filing the motion has no adequate explanation for the delay.'" *Ortiz v. New Mexico*, 550 F. Supp. 3d 1020, 1085 n.96 (D.N.M. 2021) (quoting *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006); *see also CVB Inc. v. Corsicana Mattress Co.*, No. 1:20-cv-00144-DBB-DAO, 2024 WL 1436491, at *2 (D. Utah Apr. 3, 2024) ("Denying leave to amend is 'appropriate when the party filing the motion has no adequate explanation for the delay.'" (quoting *Zisumbo v. Ogden Reg'l Med. Ctr.*, 801 F.3d 1185, 1195 (10th Cir. 2015))). In their opposition, the Invictus Defendants accuse Plaintiffs of undue delay and point to the earlier litigation in Michigan, which began in 2016, claiming that Plaintiffs have "fail[ed] to explain" their delay in filing the present Motion, particularly given the fact that it comes eight years after the related litigation began (ECF 151 at 13). While Plaintiffs might have originally initiated this matter back in 2016 in a Michigan court,

7

the court finds that Plaintiffs have provided an adequate explanation for filing the Motion in this court when they did.

Rather than relying on the events that occurred in the Michigan litigation for purposes of deciding the present Motion, the court is focused on what has occurred in the present matter. Plaintiffs explained to the court that the changes included in the SAC "more explicitly demonstrate how each Defendant committed predicate acts of racketeering" (ECF 132 at 8). Significantly, these changes, according to Plaintiffs, were only made possible by the resolution of the FTC Matter (*id.*). Plaintiffs maintain that the evidence and facts that were unearthed during that litigation proved "necessary in order to fully explain how Defendants' scheme actually worked, detailing how the various Defendants engaged in mail and wire fraud" (*id.*). The court is persuaded that the outcome of the FTC Matter has provided justification for amending the FAC and that Plaintiffs could not have made such amendments until the FTC Matter was concluded. Indeed, this outcome was anticipated in the court's earlier order granting the motion to stay, wherein the court noted: "that there is a high likelihood that the proceedings, discovery, and outcome of the FTC [M]atter will impact the litigation in this case, including the factual and legal positions the parties in this action will take" (ECF 68 at 6). Defendants have not presented a colorable argument disputing Plaintiffs' assertions that their Motion was necessitated by the results of the FTC Matter. Accordingly, based on the arguments presented, the court is satisfied that Plaintiffs have provided an adequate explanation for any perceived delay in filing the Motion.[5]

---

[5] The court notes that the focus of Defendants' various oppositions to the Motion was on the length of time that has passed since the Michigan litigation began, and not on the four-month time period between when the stay was lifted in January 2024 and when the Motion was filed in May 2024 (*see* ECF 117, 132). In any event, considering the extensive nature of the revisions to Plaintiffs' SAC—which is approximately 100 pages longer than the FAC and provides greater detail to Plaintiffs' claims—along with Plaintiffs' representations that they retained new counsel after the FAC was filed, and counsel did not have access to an editable copy of the FAC for comparison purposes (ECF 132

Turning to undue prejudice, this is typically found only "when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Minter*, 451 F.3d at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). According to the Invictus Defendants, an amended complaint would cause "undue prejudice" because they are "being called upon to defend their actions from over ten years ago" (*id.* at 15). Because the Invictus Defendants would "be forced to attempt to locate and produce transitory evidence in the form of documents and witness testimony that is now over a decade old," they maintain the court should deny the Motion because of undue prejudice (*id.* at 16). The Invictus Defendants however do not explain how this would differ from their discovery requirements under the current operative complaint. Indeed, nowhere do the Invictus Defendants argue that the scope of discovery has somehow changed by virtue of the alterations to Plaintiffs' claims in the SAC. The court therefore fails to see how allowing Plaintiffs to file the SAC would change the discovery burden on Defendants, particularly given the posture of this case and the fact that responsive pleadings to the current operative complaint have yet to be filed. In defense of their SAC, Plaintiffs state that their amendments "introduce[] new evidence that provides greater specificity" to their claims, but this evidence "does not fundamentally alter the nature of the claims" (ECF 158 at 11). Given the arguments of the parties, the court is not persuaded that the filing of the SAC would cause undue prejudice to Defendants, as it merely provides greater clarity and specificity to Plaintiffs' claims and no discovery has taken place in this matter. The court therefore does not find that the Motion should be denied on undue prejudice grounds.

---

at 1–2), the court would not have considered this four month time period to be "undue delay" as would justify denying the Motion.

Next, the court turns to futility, an argument raised by each of the Defendants.[6] Courts "may refuse to allow amendment if it would be futile." *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Id.* (quoting *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006)). However, "it is within the court's discretion to decline to engage in a futility analysis in the context of a motion to amend if the court determines the futility arguments would be more properly addressed in dispositive motions." *Complete Merch. Sols., LLC v. Fed. Trade Comm'n*, No. 2:19-cv-00963-HCN-DAO, 2020 WL 4192294, at *3 (D. Utah July 21, 2020) (citing *Lambe v. Sundance Mountain Resort*, No. 2:17-cv-00011-JNP, 2018 WL 4558413, at *3 (D. Utah Sept. 21, 2018)). "Particularly where futility arguments are duplicative of arguments raised in a motion to dismiss, courts have found that addressing those arguments in the context of a motion to amend 'plac[e]s the cart before the horse,' and '[r]ather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place.'" *Id.* (quoting *Obeslo v. Great-West Capital Mgmt.*, Nos. 16-cv-00230-CMA-MJW, 2017 WL 10591604, at *3 (D. Colo. Feb. 21, 2017)).

Here, the court determines that Defendants' futility arguments would be more appropriately addressed in the context of dispositive motions rather than in response to a motion to amend. As already noted, Defendants' arguments related to futility had already been raised in the various motions to dismiss that were filed by Defendants after the stay was lifted (*See* ECF

---

[6] The court notes that the Poelman Defendants did not file an opposition to the Motion, but they did however argue futility in their "Response in Opposition to Notice of Non-Opposition" (ECF 156 at 4). Because the other defendants raise similar if not identical arguments related to futility in their filings relevant to the Motion the court need not address whether the Poelman Defendants sufficiently or timely raised their objections to the Motion.

126, 131, 134, 135, 136, 138). And nothing in Defendants' filings related to the Motion suggests that they could not reassert those arguments in renewed motions to dismiss once the SAC is filed. Moreover, Defendants' futility arguments rely in part on the filings in the Michigan litigation, and while the court may, in its discretion, "take judicial notice of publicly-filed records in [federal] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand," *Garcia-Rodriguez v. Gomm*, 169 F. Supp. 3d 1221, 1227 (D. Utah 2016) (quoting *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir.2007)), it declines to do so to the extent requested by Defendants in ruling on a motion to amend. Accordingly, the court finds that Defendants ultimately would be better served by waiting to assert their futility-related arguments in Rule 12 motions.

Finally, the court addresses the Poelman Defendants' arguments raised in their "Response in Opposition to Notice of Non-Opposition" (ECF 156). Essentially, the Poelman Defendants believe that the Motion should be considered as a response to the motions to dismiss that were pending at the time (*see* ECF 126, 131) and because the Local Rules do not allow parties to "make a motion . . . in a response or reply" they believed the Motion was procedurally improper and did not warrant a response (ECF 156 at 3) (quoting DUCivR 7-1(a)(3)). Considering the Motion's title, "Motion for Leave to File Second Amended Complaint," along with its contents, the court does not view the Motion as a response to the motions to dismiss that were pending at the time. While Plaintiffs did request that those motions be dismissed "as moot" given their request to file the SAC,

this did not render the Motion a substantive response to the motions to dismiss.[7] The court therefore is not persuaded that the Motion is procedurally improper under Local Rule 7-1.

Considering the lengthy stay that was entered in this case, and the conclusion of the FTC Matter, the court does not find that that the Motion was unduly delayed. What's more, given the current procedural posture of this case the court does not find that entry of the SAC would result in undue prejudice to Defendants. The court further determines that the futility arguments raised by Defendants would be better addressed in a motion to dismiss. Accordingly, the court concludes that justice requires granting Plaintiffs leave to amend.

## IV.   CONCLUSION AND ORDER

For the foregoing reasons, the court hereby GRANTS Plaintiffs' Motion to Amend (ECF 132). Plaintiffs shall file their Second Amended Complaint within seven (7) days of the entry of this order.

DATED this 13 January 2025.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

---

[7] Despite DUCivR 7-1(f) ("[F]ailure to respond timely to a motion may result in the court granting the motion without further notice."), it does not appear Plaintiffs filed a response to the motions to dismiss, but that point is moot as all motions to dismiss were denied without prejudice pending the court's ruling on the Motion (ECF 173), whether Plaintiffs ever filed a response to the motions to dismiss is thus not a question relevant to the present Motion.